RANDOLPH, Presiding Justice,
dissenting:
¶ 28. Our standard of review for a challenge to the sufficiency of evidence has been repeated so often that supporting citations serve little value-we review the evidence in the light most favorable to the State. Today’s majority fails to follow this established rule. I respectfully dissent.
¶ 24. Henley was indicted under Mississippi Code Section 97-17-35 for “willfully, unlawfully and feloniously possessing] tools designed to aid in the commission of a burglary, to-wit: bolt cutters, pliers and a flashlight_” See Miss.Code Ann. § 97-17-35 (Rev.2006). Those tools are designed for a lawful use, but a tool “may be designed for a lawful use and still be a burglar’s tool.” Fuqua v. State, 246 Miss. 191, 145 So.2d 152, 154 (1962). Thus, Henley’s possession of bolt cutters, pliers, and a flashlight “may or may not be unlawful ... depending on whether the evidence reveals circumstances from which it may be inferred beyond a reasonable doubt that [Henley] intended” to use those tools “in aid of burglary or some other similar crime.” Id. at 155 (emphasis added). The evidence is “sufficient if the circumstances justify the inference that the [tools] were possessed for such criminal purpose.” Id. After the trial court rejected Henley’s motion for a directed verdict, a jury found him guilty of the crime charged based on the circumstances surrounding his possession of the tools. Subsequently, the trial court denied Henley’s motion for a new trial which challenged his conviction on the same grounds.
¶ 25. The circumstances surrounding Henley’s apprehension in the middle of the night at Central Mississippi Recycling in Philadelphia, Mississippi, were sufficiently established at trial. The facility manager testified that, at the close of business prior to Henley’s arrest, he secured the entrance to the facility with a cable and lock. After midnight that same evening, Philadelphia police officer Jonathan Dearing was patrolling the area and noticed that the cable was down. Upon closer investigation, Dearing observed that the “cable ... appeared to [have] fresh cut marks on it” and “the cable clamps had been loosened.” Dearing entered the facility and “observed a vehicle ... coming around the side of [a] building with its headlights off[,]” more than 300 yards from the entrance. Upon spotting Dearing’s patrol car, Henley turned his headlights on and attempted to exit.
¶ 26. Dearing testified that, after stopping the vehicle more than 300 yards from the gate, he approached the defendant’s vehicle and saw “a pair of pliers on the center floorboard ... and, on the passenger’s side floorboard, [he] noticed a pair of bolt cutters.” He testified that both were within Henley’s reach. Dearing further testified that, upon searching Henley, he “found ... a small flashlight in his front left pocket.” Henley’s only explanation for his presence at that location and time was that he was lost and looking for a place to turn around — an explanation reasonable jurors and the trial court obviously rejected, perhaps based on Henley’s driving without his headlights on after midnight at a distance of more than 300 yards from the front gate and testimony that there was “plenty of room” to turn around at the gate without entering the property.
¶ 27. Viewing the evidence in the light most favorable to the State, sufficient evidence established that Henley entered the property with bolt cutters, pliers, and flashlight for a criminal purpose. Henley was found after midnight on property where he had no lawful right to be — property which earlier had been secured by a cable that was subsequently found on the ground with “fresh cut marks” and the *421 “cable clamps loosened.” He was found riding around the facility in the middle of the night with his headlights off, and, upon seeing Dearing’s patrol car, he attempted to exit. The bolt cutters and pliers were on the front floorboard of Henley’s car, and the flashlight was found in his pants pocket, all within accessible reach. Thus, I would affirm the trial court’s conviction and sentence.
DICKINSON, P.J., LAMAR AND PIERCE, JJ., JOIN THIS OPINION.